# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NURTURING DIRECT HOMECARE INC., <br><br> Plaintiff, <br><br> vs. <br><br> ERC SPECIALISTS, LLC, <br><br> Defendant. | Docket No. 1:23-CV-04331-NGG-CLP |

## DEFENDANT ERC SPECIALISTS, LLC'S ANSWER TO PLAINTIFF NURTURING DIRECT HOMECARE INC.'S COMPLAINT

Defendant and Counterclaim Plaintiff ERC Specialists, LLC ("ERCS"), by and through its counsel of record, Rivkin Radler LLP and Strong & Hanni (*pro hac vice* forthcoming), answers Plaintiff Nurturing Direct Homecare, Inc.'s ("Nurturing") Complaint as follows:

1. ERCS lacks sufficient information to admit or deny paragraph 1 of Nurturing's Complaint, and therefore denies.

2. ERCS lacks sufficient information to admit or deny paragraph 2 of Nurturing's Complaint, and therefore denies.

3. ERCS lacks sufficient information to admit or deny paragraph 3 of Nurturing's Complaint, and therefore denies.

4. ERCS admits paragraph 4 of Nurturing's Complaint.

5. ERCS admits paragraph 5 of Nurturing's Complaint.

6. ERCS admits paragraph 6 of Nurturing's Complaint.

7. ERCS lacks sufficient information to admit or deny paragraph 7 of Nurturing's Complaint, and therefore denies.

8. ERCS lacks sufficient information to admit or deny paragraph 8 of Nurturing's Complaint, and therefore denies.

9. Answering paragraph 9, ERCS admits its services were marketed in New York, but by affiliates with whom ERCS has working business relationships. ERCS denies the remainder of the paragraph.

10. Answering paragraph 10, ERCS admits Jan Marie Ferriola appeared at the conference referenced in paragraph 10 for the purpose of marketing ERCS's services, but it was in her capacity as an affiliate representative. ERCS denies the remainder of the paragraph.

11. ERCS lacks sufficient information to admit or deny paragraph 11 of Nurturing's Complaint, and therefore denies.

12. ERCS lacks sufficient information to admit or deny paragraph 12 of Nurturing's Complaint, and therefore denies.

13. ERCS lacks sufficient information to admit or deny paragraph 13 of Nurturing's Complaint, and therefore denies.

14. ERCS lacks sufficient information to admit or deny paragraph 14 of Nurturing's Complaint, and therefore denies.

15. ERCS lacks sufficient information to admit or deny paragraph 15 of Nurturing's Complaint, and therefore denies.

16. ERCS lacks sufficient information to admit or deny paragraph 16 of Nurturing's Complaint, and therefore denies.

7650691.v1

17. ERCS lacks sufficient information to admit or deny paragraph 17 of Nurturing's Complaint, and therefore denies.

18. ERCS lacks sufficient information to admit or deny paragraph 18 of Nurturing's Complaint, and therefore denies.

19. ERCS lacks sufficient information to admit or deny paragraph 19 of Nurturing's Complaint, and therefore denies.

20. ERCS lacks sufficient information to admit or deny paragraph 20 of Nurturing's Complaint, and therefore denies.

21. ERCS lacks sufficient information to admit or deny paragraph 21 of Nurturing's Complaint, and therefore denies.

22. ERCS lacks sufficient information to admit or deny paragraph 22 of Nurturing's Complaint, and therefore denies.

23. ERCS lacks sufficient information to admit or deny paragraph 23 of Nurturing's Complaint, and therefore denies.

24. ERCS denies paragraph 24 of Nurturing's Complaint.

25. ERCS lacks sufficient information to admit or deny paragraph 25 of Nurturing's Complaint, and therefore denies.

26. ERCS lacks sufficient information to admit or deny paragraph 26 of Nurturing's Complaint, and therefore denies.

27. Answering paragraph 27, ERCS admits Marvin Pishchik communicated with it for purposes of applying for the ERC for Nurturing Direct. ERCS denies the remainder of the paragraph.

28. Answering paragraph 28, ERCS' records indicate that Nurturing received a credit in the amount of $1,154,679.41 and denies the remaining allegations of paragraph 28 for lack of sufficient information.

29. ERCS lacks sufficient information to admit or deny paragraph 29 of Nurturing's Complaint, and therefore denies.

30. Answering paragraph 28, ERCS' records indicate that Nurturing received a credit in the amount of $1,242,291.61 and denies the remaining allegations of paragraph 30 for lack of sufficient information.

31. ERCS lacks sufficient information to admit or deny paragraph 31 of Nurturing's Complaint, and therefore denies.

32. Answering paragraph 28, ERCS' records indicate that Nurturing received a credit in the amount of $1,339,972.57 and denies the remaining allegations of paragraph 30 for lack of sufficient information.

33. ERCS lacks sufficient information to admit or deny paragraph 33 of Nurturing's Complaint, and therefore denies.

34. ERCS lacks sufficient information to admit or deny paragraph 34 of Nurturing's Complaint, and therefore denies.

35. ERCS lacks sufficient information to admit or deny paragraph 35 of Nurturing's Complaint, and therefore denies.

36. ERCS lacks sufficient information to admit or deny paragraph 36 of Nurturing's Complaint, and therefore denies.

37. ERCS lacks sufficient information to admit or deny paragraph 37 of Nurturing's Complaint, and therefore denies.

38. ERCS lacks sufficient information to admit or deny paragraph 38 of Nurturing's Complaint, and therefore denies.

39. ERCS lacks sufficient information to admit or deny paragraph 39 of Nurturing's Complaint, and therefore denies.

40. ERCS lacks sufficient information to admit or deny paragraph 40 of Nurturing's Complaint, and therefore denies.

41. ERCS denies paragraph 41 of Nurturing's Complaint.

42. ERCS denies paragraph 42 of Nurturing's Complaint.

43. ERCS denies paragraph 43 of Nurturing's Complaint.

44. ERCS denies paragraph 44 of Nurturing's Complaint.

45. ERCS lacks sufficient information to admit or deny paragraph 45 of Nurturing's Complaint, and therefore denies.

46. ERCS lacks sufficient information to admit or deny paragraph 46 of Nurturing's Complaint, and therefore denies.

47. Answering paragraph 47 of Nurturing's Complaint, ERCS admits that it received correspondence from Nurturing dated April 18, 2023, and refers to that letter for its exact content. ERCS denies the remaining allegations of paragraph 47 for lack of sufficient information.

48. Answering paragraph 48, ERCS admits it has not provided the requested documents to Nurturing and affirmatively asserts that it is in the process of gathering the requested documents and will provide them soon.

49. Answering paragraph 49, ERCS admits it is not a professional services firm. ERCS denies the remainder of the paragraph for lack of sufficient information.

50. ERCS lacks sufficient information to admit or deny paragraph 50 of Nurturing's Complaint, and therefore denies.

51. ERCS lacks sufficient information to admit or deny paragraph 51 of Nurturing's Complaint, and therefore denies.

52. Answering paragraph 52 of Nurturing's Complaint, ERCS denies that the fees it charged for its services and other general terms of the agreement between ERCS and Nurturing are unreasonable and denies the remaining allegations of paragraph 52 for lack of sufficient information.

53. ERCS lacks sufficient information to admit or deny paragraph 53 of Nurturing's Complaint, and therefore denies.

54. ERCS lacks sufficient information to admit or deny paragraph 54 of Nurturing's Complaint, and therefore denies.

55. ERCS lacks sufficient information to admit or deny paragraph 55 of Nurturing's Complaint, and therefore denies.

56. Answering paragraph 56 of Nurturing's Complaint, ERCS admits it mailed invoices for services and denies the remaining allegations of the paragraph.

7650691.v1

## AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF

57. Paragraph "57" of Nurturing's Complaint states legal conclusions to which no response is required. ERCS respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, ERCS lacks sufficient information to admit or deny paragraph 57 of Nurturing's Complaint, and therefore denies.

58. ERCS denies paragraph 58 of Nurturing's Complaint.

59. ERCS denies paragraph 59 of Nurturing's Complaint.

60. Paragraph "60" of Nurturing's Complaint states legal conclusions to which no response is required. ERCS respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, ERCS lacks sufficient information to admit or deny paragraph 60 of Nurturing's Complaint, and therefore denies.

61. Paragraph "61" of Nurturing's Complaint states legal conclusions to which no response is required. ERCS respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, ERCS lacks sufficient information to admit or deny paragraph 61 of Nurturing's Complaint, and therefore denies.

62. Answering paragraph 62 of Nurturing's Complaint, ERCS denies that the contract between ERCS and Nurturing is void and affirmatively asserts it is entitled to its fee for services totaling $540,552.87 and denies the remaining allegations of the paragraph.

## AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF

63. ERCS denies paragraph 63 of Nurturing's Complaint.

64. ERCS lacks sufficient information to admit or deny paragraph 64 of Nurturing's Complaint, and therefore denies.

7650691.v1

65. Answering paragraph 65 of Nurturing's Complaint, ERCS admits that it has not provided Nurturing with all copies of the documents and affirmatively asserts that it is gathering the requested documents and will provide them soon. ERCS denies the remaining allegations of paragraph 65.

66. Paragraph "66" of Nurturing's Complaint states legal conclusions to which no response is required. ERCS respectfully refers all questions of law to this Honorable Court. To the extent that a response is required, ERCS denies paragraph 66 of Nurturing's Complaint.

67. ERCS denies paragraph 67 of Nurturing's Complaint.

68. Answering the allegations of the Prayer for Relief, ERCS affirmatively asserts that it is entitled to its fee of $540,552.87 together with an award of costs for having to defend this action as will be outlined in more detail in the Counterclaim that is being filed in conjunction with this answer. ERCS denies Nurturing is entitled to any judgment on the First Claim for Relief or the Second Claim for Relief as outlined in sub-paragraphs A, B, C and D.

## DEFENSES

69. ERCS asserts the following affirmative and other defenses to Nurturing's Complaint. ERCS undertakes the burden of proof only as to those defenses deemed affirmative defenses under applicable law and does not intend to assume the burden of proof with respect to any matters as to which Nurturing bears the burden under applicable law.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

70. Nurturing's Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.
7650691.v1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

71. Nurturing's injuries and damages were caused by or contributed to by itself and/or the actions of third parties over whom ERCS exercised no control or right of control and therefore, ERCS is liable, if at all, for any actions attributable to it.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72. Nurturing has failed to mitigate its damages and should not be permitted to recover any damages due to its failure to mitigate.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

73. Nurturing's Complaint is barred under the doctrine of laches, waiver, and estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

74. Nurturing's Complaint is barred by or subject to payment, including setoff and recoupment.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75. Nurturing's Complaint is barred on grounds that Nurturing has failed to join one or more indispensable parties, including, but not limited to, Marvin Pishchik.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76. Nurturing's alleged damages are the result of acts or omissions of parties/persons not under control of ERCS.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

77. Nurturing's Complaint is barred by bad faith and unclean hands.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

78. Nurturing's Complaint should be dismissed in whole or in part and the request for relief denied to the extent Nurturing breached and/or failed performance obligations under the applicable contract with ERCS.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

79. ERCS may assert other affirmative defenses that may develop during the course of discovery, pretrial investigation, and/or during or after trial.

WHEREFORE, ERCS prays that Nurturing's claims be dismissed with prejudice, and then be awarded its costs incurred in defense of this action. ERCS gives notice of its intent to pursue its attorney's fees under the applicable agreement between ERCS and Nurturing.

## ERCS' COUNTERCLAIM

80. Under Federal Rule of Civil Procedure 13, ERCS, by and through its counsel of record, Rivkin Radler LLP and Strong & Hanni (*pro hac vice* forthcoming), hereby counterclaim against Nurturing as follows:

## GENERAL ALLEGATIONS

81. Upon information and belief, Nurturing is a New York domestic business corporation authorized to conduct business in the state of New York with its principal place of business in Brooklyn, New York.

82. Defendant DOES 1-10 are individuals, partnerships, corporations, or other entities who provided work or services to Nurturing and/or facilitated the agreement between ERCS and Nurturing related to the claims asserted in this lawsuit. Said DOES are agents, employees, and/or affiliates of Nurturing and upon information and belief, subject to its direction or control.

83. On or about February 16, 2023, Nurturing, or someone on behalf of Nurturing, prepared a questionnaire through the ERCS' website related to its desire to have ERCS provide services related to the ERC Tax Credit. A true and correct copy of the aforementioned questionnaire is attached hereto as Exhibit A.

84. Yuri Grobshteyn, who upon information and belief is an owner and Vice President of Nurturing, signed the attached client/customer services agreement for ERCS to file for the ERC Tax Credit under the CARES Act.

85. ERCS proceeded to obtain Nurturing's tax information based upon the signatures, processed the amended tax returns for the purpose of obtaining the credits under the contract.

86. Upon information and belief, Nurturing received a credit from the Internal Revenue Service ("IRS") in the amount of $1,154,679.41 with respect to the June 30, 2021, payroll taxes.

87. Upon information and belief, Nurturing received a credit from the IRS in the amount of $1,242,291.61 with respect to the March 31, 2021, payroll taxes.

88. Upon information and belief, Nurturing received a credit from the IRS in the amount of $1,339,972.57 with respect to the September 30, 2021, payroll taxes.

89. The contract between ERCS and Nurturing specifies that ERCS would receive a 15% fee from Nurturing for the processing of these credits and the total of that fee is $540,552.87.

90. ERCS has invoiced Nurturing for this fee, but it has not been paid to date.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

91. ERCS hereby incorporates by reference all proceeding paragraphs.

92. ERCS and Nurturing had an agreement for ERCS to process Nurturing's ERC Tax Credits.

93. ERCS has fully performed under the parties' agreement.

94. Under the parties' agreement, Nurturing agreed to pay ERCS a fee of 15% of the tax credits received per its fee and that amount totals $540,552.87.

95. Despite invoicing Nurturing for the full fee amount of $540,552.87, Nurturing has failed to pay ERCS the amount owed, in whole or in part.

96. Because of this, Nurturing has breached its contract with ERCS, including the implied covenant of good faith and fair dealing, and ERCS is entitled to judgment against Nurturing for compensatory damages in an amount to be determined at trial, but not less than $540,552.87, together with accrued interest, and attorney fees and costs as provided in the parties' agreement.

**SECOND CAUSE OF ACTION**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

97. ERCS hereby incorporates by reference all proceeding paragraphs.

98. The covenant of good faith and fair dealing is inherent in the contractual relationship between ERCS and Nurturing.

99. The covenant requires the parties to perform contractual obligations and exercise contractual rights in good faith. This good faith requirement prohibits the parties from intentionally injuring the other side's right to receive the benefits of the contract.

100. Nurturing breached that covenant of good faith and fair dealing when it failed to pay ERCS for services rendered and instead initiated the subject lawsuit seeking to void the

subject contract and retain the benefits of ERCS' performance thereunder after ERCS fully performed.

101. Nurturing breached that covenant of good faith and fair dealing when it failed to pay ERCS for services rendered and instead initiated the subject lawsuit seeking to void the subject contract even though Nurturing has not yet incurred the harm alleged in its complaint.

102. As a direct and proximate result of Nurturing's breaches of the implied covenant of good faith and fair dealing, ERCS is entitled to damages in an amount to be proven at trial, but not less than $540,552.87.

**THIRD CLAIM FOR RELIEF**
**(Unjust enrichment)**

103. ERCS hereby incorporates by reference all proceeding paragraphs.

104. ERCS conferred a benefit upon Nurturing by processing ERC tax credits that Nurturing received and has retained.

105. Nurturing has knowingly received and retained the benefit of the ERC tax credits without adequately compensating ERCS.

106. Under the circumstances, it would be inequitable for Nurturing to be enriched by receiving and retaining the ERC tax credits processed by ERCS without adequately compensating ERCS.

107. As a direct and proximate result of Nurturing's conduct, ERCS is entitled recover monetary damages from Nurturing in an amount to be proven at trial, but in no event less than $540,552.87.

**JURY DEMAND**

108. ERCS demands a trial by jury on all issues so triable.

WHEREFORE, ERCS respectfully requests that this Court enter judgment in its favor and against Nurturing as follows.

a) For a judgment against Nurturing in favor of ERCS for compensatory damages in an amount to be proved at trial, but not less than $540,552.87;

b) For pre- and post-judgment interest as provided under applicable law;

c) For an award of ERCS' attorney's fees and costs as provided in the agreement; and

d) For such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
August 11, 2023

Respectfully submitted,
RIVKIN RADLER LLP

By: /s/ Brian L. Bank
Brian L. Bank
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone: (516) 357-3000
Facsimile: (516) 357-3333

-and-

STRONG & HANNI

By: /s/ Ryan P. Atkinson
Ryan P. Atkinson (*pro hac vice* forthcoming)
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508

*Counsel for Defendant and Counterclaim Plaintiff ERC Specialists, LLC*