UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NURTURING DIRECT HOMECARE INC., <br><br> Plaintiff, <br><br> -against- <br><br> ERC SPECIALISTS, LLC, <br><br> Defendant. | **REPLY TO ERC SPECIALISTS, LLC COUNTERCLAIMS** <br> Case No. 1:23-cv-4331 |

The Plaintiff and Counterclaim Defendant, NURTURING DIRECT HOMECARE INC., by its attorneys Malvina Lin, P.C. responds to the counterclaims of the Defendant ERC SPECIALISTS, LLC ("Defendant") as follows:

1. As and for the new allegations set forth in paragraph 82 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

2. As and for the new allegations set forth in paragraph 83 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers the Court to documents alleged therein for their true and correct statements and refers all questions of law to be determined by the Court.

3. As and for the new allegations set forth in paragraph 84 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers the Court to documents alleged therein for their true and correct statements and refers all questions of law to be determined by the Court.

1

4. As and for the new allegations set forth in paragraph 85 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers the Court to documents alleged therein for their true and correct statements and refers all questions of law to be determined by the Court.

5. As and for the new allegations set forth in paragraph 86 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers the Court to documents alleged therein for their true and correct statements and refers all questions of law to be determined by the Court.

6. As and for the new allegations set forth in paragraph 87 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers the Court to documents alleged therein for their true and correct statements and refers all questions of law to be determined by the Court.

7. As and for the new allegations set forth in paragraph 88 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers the Court to documents alleged therein for their true and correct statements and refers all questions of law to be determined by the Court.

8. As and for the new allegations set forth in paragraph 89 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers the Court to documents alleged therein for their true and correct statements and refers all questions of law to be determined by the Court.

9. As and for the new allegations set forth in paragraph 90 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers the

Court to documents alleged therein for their true and correct statements and refers all questions of law to be determined by the Court.

10. As and for the new allegations set forth in paragraph 92 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

11. As and for the new allegations set forth in paragraph 93 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

12. As and for the new allegations set forth in paragraph 94 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

13. As and for the new allegations set forth in paragraph 94 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

14. As and for the new allegations set forth in paragraph 95 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

15. As and for the new allegations set forth in paragraph 96 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

16. As and for the new allegations set forth in paragraph 98 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

17. As and for the new allegations set forth in paragraph 99 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

18. As and for the new allegations set forth in paragraph 100 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

19. As and for the new allegations set forth in paragraph 101 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

20. As and for the new allegations set forth in paragraph 102 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

21. As and for the new allegations set forth in paragraph 104 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

22. As and for the new allegations set forth in paragraph 105 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

23. As and for the new allegations set forth in paragraph 106 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

24. As and for the new allegations set forth in paragraph 107 of the Defendant's Counterclaims, Plaintiff denies the allegations set forth therein and otherwise refers all questions of law to be determined by the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

25. Defendant has failed to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

26. Any damages sustained by Defendant, if any, were solely the result of Defendant's own culpable conduct, and not through or by any fault of Plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

27. Defendant lacks standing to maintain some or all of the claims asserted in the Counterclaims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

28. Defendant's claims are barred in whole or part by the doctrines of unclean hands, waiver, estoppel and laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

29. Defendant's claims are barred in whole or in part by the doctrine of res judicata.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

30. Defendants failed to mitigate its alleged damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

31. Defendant's claims are barred in whole or in part by the failure to comply with applicable statutes and regulations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

32. The Defendant's claims are barred in whole or in part, because any injuries sustained by the Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

33. The Defendant's unjust enrichment claims are barred because Plaintiff has not accepted or retained any benefits under circumstances where it would be inequitable for Defendant to do so.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

34. The Defendant's claims are barred in whole or in part due to the alleged contract referenced in the counterclaims being void or voidable.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

35. The Defendant's demand for jury trial must be stricken since the Plaintiff's causes of action are equitable in nature.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

36. Plaintiff intends to rely upon any other and additional defense that is now or may become available or appear during, or as the result of, the discovery proceedings in this action or

any developments in constitutional, statutory, administrative, regulatory, or decisional law, and hereby reserves its right to amend its Reply to assert such defense.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A) A judgment on the First Claim for Relief in favor of Plaintiff Nurturing Direct Homecare Inc. and against Defendant ERC Specialists, LLC declaring that the purported agreement dated February 16, 2023 or any other document between the parties be declared *void ab initio* and that Plaintiff be declared not liable for payment of any invoices to Defendant, including but not limited to an invoice in the amount of $540,552.87 together with an award of all costs and disbursements related to this action;

B) A judgment on the Second Claim for Relief in favor of Plaintiff Nurturing Direct Homecare Inc. and against Defendant ERC Specialists, LLC declaring that Defendant shall turn over any and all documents received in connection with their unauthorized activity on behalf of Plaintiff and any and all documents submitted to the Internal Revenue Service or any other party purportedly acting on behalf of Plaintiff together with an award of all costs and disbursements related to this action;

C) A judgment on the Second Claim for Relief in favor of Plaintiff Nurturing Direct Homecare Inc. and against Defendant ERC Specialists, LLC in an amount to be more particularly demonstrated at the time of trial but in excess of the jurisdictional limits of this Court representing the costs and expenses of mitigating any damages caused by ERC's unauthorized actions, including but not limited to attorney's fees, court costs, professional accounting costs, and the costs of any fees or penalties incurred as a result of the credits having been issued by the Internal Revenue Service;

D) A judgment dismissing the Defendant's Affirmative Defenses and Counterclaims; and

E) Such other and further relief as this Court may deem necessary, just and proper.

Dated: August 22, 2023
Brooklyn, New York

Respectfully submitted,
MALVINA LIN, P.C.

*Malvina Lin*

Malvina Lin, Esq.
1203 Avenue J, Suite 4B
Brooklyn, New York 11230
Tel: (718) 377-3500
Fax: (718) 377-4174
malvina@malvinalaw.com
*Attorneys for Plaintiff*
*Nurturing Direct Homecare Inc.*